IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MELVIN ANTHONY WEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:10CV305 |
| ) | |
| WILLIAM D. KENERLY, ) | |
| JENNIFER SUNESON, CHERYL ) | |
| H. HEARNE and DAVID N. ) | |
| EARNHARDT, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION, RECOMMENDATION, AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

The instant matter comes before the undersigned United States Magistrate Judge for a recommended ruling on Defendant Officer Cheryl Hearne's Motion to Dismiss Plaintiff's Complaint (Docket Entry 12). For the reasons that follow, the instant Motion should be granted. In addition, the Court will order Plaintiff to file a status report addressing his intentions regarding pursuit of any claims against Defendant David N. Earnhardt.

Discussion

Plaintiff, proceeding pro se, filed a Complaint alleging causes of action arising under 42 U.S.C. § 1983 against William D. Kenerly, Jennifer Suneson, Cheryl H. Hearne, and David N. Earnhardt. (Docket Entry 3 at 1.) The Complaint identifies Defendant Kenerly as the District Attorney for the area covering Rowan County, North Carolina, Defendant Suneson as an Assistant

District Attorney working under Defendant Kenerly, Defendant Hearne as an investigator with the Kannapolis Police Department, and Defendant Earnhardt as an employee of the Rowan County Sheriff's Office. (See id. at 2.)

According to the Complaint, Defendants are part of an ongoing conspiracy to unlawfully arrest and prosecute Plaintiff for various crimes. (See id. at 3-13.) The Complaint alleges that Defendants Hearne and Earnhardt made false allegations and suborned perjury in order to have Plaintiff falsely arrested. (See id. at 3.) It further asserts that Defendant Kenerly has been involved in deciding to prosecute Plaintiff on the false charges and that Defendant Suneson has actively handled those matters in court in ways that violate Plaintiff's rights. (See id.)

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A, this Court, by way of United States Magistrate Judge Wallace W. Dixon, undertook an initial review of Plaintiff's Complaint to determine whether the Complaint, or any portion of the Complaint, was "(1) frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted; or (2) [sought] monetary relief from a defendant who is immune from such relief," 28 U.S.C. § 1915A(b). (Docket Entry 4.) Magistrate Judge Dixon issued a recommendation concluding that Plaintiff's claims against Defendants Kenerly and Suneson should be dismissed because,

-2-

"[a]s Plaintiff has been told repeatedly in past filings, prosecutors have absolute immunity for their participation in the judicial process" (id. at 3 (citing Buckley v. Fitzsimmons, 509 U.S. 259 (1993) and Lyles v. Sparks, 79 F.3d 372 (4th Cir. 1996))), but that Plaintiff could proceed on his claims against Defendants Hearne and Earnhardt (id. at 4).[1]

Defendant Officer Cheryl Hearne's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Docket Entry 12) now comes before the Court. In light of the filing of said Motion, the Clerk mailed Plaintiff a letter explaining that Plaintiff had "the right to file a 20-page response in opposition to [Defendant Hearne's instant Motion] . . . ." (Docket Entry 14 at 1.) The letter specifically cautioned Plaintiff that his "failure to respond or, if appropriate, to file affidavits or evidence in rebuttal within the allowed time may cause the court to conclude that the defendant(s)' contentions are undisputed and/or that [Plaintiff] no longer wish[es] to pursue the matter. Therefore, unless [Plaintiff] file[s] a response in opposition to the defendant(s)' motion(s), it is likely [Plaintiff's] case will be dismissed or summary judgment granted in favor of the defendant(s)." (Id.)

---

[1] It does not appear that the Court has yet acted on Judge Dixon's Recommendation, and, therefore, has not formally dismissed Plaintiff's claims against Defendants Kenerly and Suneson. (See Docket Entries dated Apr. 22, 2010, to present.)

Plaintiff thereafter filed three motions to extend his time to respond to Defendant Hearne's Motion (see Docket Entries 16, 20, 23), all of which the Court granted (see Docket Entries 17, 22, 24). Despite these extensions and the Court's explicit warnings regarding the ramifications of a failure to respond to the instant Motion, the record reflects that Plaintiff has failed to respond and the time for doing so has now passed. (See Docket Entries dated Aug. 15, 2011, to present.)

Under this Court's Local Rules, failure to respond to a motion generally warrants granting the relief requested. See M.D.N.C. LR7.3(k). Moreover, the Clerk specifically warned Plaintiff that his failure to respond to the instant Motion would likely lead to dismissal. (See Docket Entry 14 at 1.) Plaintiff has offered no explanation to the Court for said failure and no reason appears from the record of this case. Accordingly, the Court should follow its general rule and should dismiss Plaintiff's claims against Defendant Hearne. As a final matter, given Plaintiff's failure to respond to Defendant Hearne's instant Motion, notwithstanding the Court's warning that the Court could perceive such inaction as evidence of Plaintiff's abandonment of this case, the Court will order Plaintiff to file a status report addressing his intentions regarding pursuit of any claims against Defendant Earnhardt, upon whom the United States Marshal effectuated service by certified mail (see Docket Entry 11 at 10-12), but from whom the record

reflects no responsive pleading (see Docket Entries dated July 27, 2011, to present).

## Conclusion

On the record of this case, no reason exists to depart from the Court's general rule that Plaintiff's failure to respond to Defendant Hearne's instant Motion to Dismiss warrants granting the relief requested. Moreover, because of Plaintiff's failure to respond, the Court will order Plaintiff to file a status report regarding his intentions to pursue any claims against Defendant Earnhardt.

**IT IS THEREFORE RECOMMENDED** that Defendant Officer Cheryl Hearne's Motion to Dismiss Plaintiff's Complaint (Docket Entry 12) be granted and that Plaintiff's claims against Defendant Hearne be dismissed.

**IT IS THEREFORE ORDERED** that, on or before May 15, 2012, Plaintiff shall file a status report outlining his intentions regarding pursuit of any claims against Defendant Earnhardt. A failure by Plaintiff to comply with this Order will result in a recommendation of dismissal without further notice.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

April 18, 2012